BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
EZEKIEL D. CARDER, Bar No. 206537
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bhinkle@unioncounsel.net
        clozano@unioncounsel.net
        ecarder@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>                    Plaintiffs,<br><br>        v.<br><br>EL CAMINO PAVING, INC., a California Corporation,<br><br>                    Defendant. | No.<br><br>**COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)** |

Plaintiffs complain of Defendant, and for cause of action allege:

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

### I.

This action arises under and is brought pursuant to section 502 of the Employee

Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1  Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this district

2  court since contributions are due and payable in the County of San Francisco.  Therefore,

3  intradistrict venue is proper.

4  **PARTIES**

5  II.

6       At all times material herein, Plaintiffs The Board of Trustees were Trustees of the

7  Laborers Health and Welfare Trust Fund for Northern California (hereinafter "Welfare Fund");

8  Laborers Vacation-Holiday Trust Fund for Northern California (hereinafter "Vacation Fund");

9  Laborers Pension Trust Fund for Northern California (hereinafter "Pension Fund"); and Laborers

10  Training and Retraining Trust Fund for Northern California (hereinafter "Training Fund,"

11  together with the Welfare Fund, Vacation Fund, and Pension Fund, collectively referred to as

12  "Trust Funds").  At all times material herein, each of the above-named Trust Funds was, and now

13  is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to

14  section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and a multi-employer

15  employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002,

16  1003 and 1132).  Each of the above-named Trust Funds is administered by a Board of Trustees

17  which may bring this action in the name of the Trust Funds pursuant to the express provisions of

18  the Trust Agreements.  All of the above named Trust Funds and their respective Board of

19  Trustees shall hereinafter be designated collectively as "Plaintiffs."

20  III.

21       At all times material herein, El Camino Paving, Inc., a California Corporation (hereinafter

22  referred to as "Defendant"), has been an employer within the meaning of section 3(5) and section

23  515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce

24  within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

25  **ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

26  IV.

27       At all relevant times, Defendant has been a member of the Engineering & Utility

28  Contractors Association (hereinafter "EUCA"), now doing business as United Contractors, and by

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION (ERISA 29 U.S.C. §1001, ET
SEQ., 29 U.S.C. §185)
Case No.

virtue of such membership, became subject to all the terms and conditions of the Laborers Master Agreement (hereinafter "Master Agreement" or "Agreement"). True and correct copies of the Master Agreement for the period 2010 through 2012 and the subsequent Master Agreement for the period 2012 through 2015 are attached hereto as Exhibits "A" and "B" respectively, both of which are incorporated by reference herein. A true and correct copy of the relevant EUCA roster page indicating representation and membership in the Engineering & Utility Contractors Association is attached hereto as Exhibit "C", which is incorporated by reference herein.  The Master Agreement by its terms incorporates the various Trust Agreements establishing each of the Plaintiffs Trust.  By said Master Agreement, Defendant promised that it would contribute and pay to Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of their employees who performed any work covered by said Agreements, and that they would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreements as incorporated by the terms of the Master Agreement.

V.

The Agreements provide for prompt payment of all employer contributions to the Trust Funds and provide for the payment of liquidated damages and interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

**FIRST CLAIM FOR RELIEF**
**(AUDIT)**

VI.

The Board of Trustees have, as one of their purposes, the obligation to ensure that contributions required to be made to said Trust Funds pursuant to collective bargaining agreements are fully and correctly made.  The purposes of the respective Trust Funds are to provide health and welfare, vacation, pension and other benefits for Laborers on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)
Case No.

employers who are signatories to the collective bargaining agreements referred to herein comply with the terms of said agreements with respect to payments of said contributions to the Fund.

VII.

By its terms, the Master Agreement binds Defendant to the Trust Agreements respectively establishing the Trust Funds, (Article IV, section 9, of the Trust Agreement creating the Welfare Fund, Article VI, section 8, of the Trust Agreement creating the Vacation-Holiday Fund, Article IV, section 8, of the Trust Agreement creating the Pension Fund, and Article IV, section 8 of the Trust Agreement creating the Training Fund), each provide that:

> Upon request in writing from the Board of Trustees, an Individual Employer will permit a Trust Fund Auditor to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, not less than two (2) working days after such request, and to examine and copy such books, records, papers, or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him to the Fund.

VIII.

Plaintiffs cannot determine whether or not Defendant has made prompt and correct payment of all fund contributions, and as a consequence, good cause appearing therefore, communications have been directed to Defendant by representatives of Plaintiffs demanding that Defendant submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreements.

IX.

Defendant has failed, refused or neglected to allow the audit as requested or inspection of its books, records, papers, or reports in accordance with the provisions of the Trust Agreements. As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Funds.  Plaintiffs have no adequate remedy at law, and the individual Laborers who are the beneficiaries of the respective Trust Funds, particularly the employees of Defendant, are damaged thereby and also have no adequate remedy at law.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION (ERISA 29 U.S.C. §1001, ET
SEQ., 29 U.S.C. §185)
Case No.

X.

Plaintiffs are intended third party beneficiaries of the collective bargaining agreements, but Trust Funds contribution delinquencies are excluded from the arbitration provision of said agreements.

XI.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XII.

Plaintiffs are entitled to reasonable attorneys' fees, interest and other reasonable expenses incurred in connection with this matter due to Defendant's failure to allow the audit or refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable collective bargaining agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

XIII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XIV.

Defendant has failed, neglected or refused to allow Plaintiffs access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Funds, in violation of the Agreements.

**THIRD CLAIM FOR RELIEF**
**(INJUNCTION)**

XV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVI.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or to submit to an audit of books and records and by the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)
Case No.

**WHEREFORE**, Plaintiffs pray for judgment against American Clover Construction, as follows:

1.      That Defendant be compelled to forthwith submit to a full audit by auditors selected by the Trust Funds at the premises of Defendant during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the collective bargaining agreements or the Trust Agreements, including but not limited to the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120 - 1040 or partnership tax returns; general ledger - (portion relating to payroll audit).

2.      That Defendant be ordered to pay actual damages according to proof;

3.      That this Court issue an injunction compelling Defendant to forthwith cease its refusal to submit to an audit of its books, records, papers and reports as required by the agreements to which it's bound;

4.      That upon completion of the audit, Defendant be decreed to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant and interest on said sums;

5.      That this Court issue an Order directing and permanently enjoining Defendant to timely submit to Plaintiffs Trust Funds, all reports and contributions due and owing by Defendant plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

6.      That this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to Plaintiffs Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

7.      That Defendant be ordered to pay attorneys' fees;

8.      That Defendant be ordered to pay costs of suit herein;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)
Case No.

9.      That this Court grant such further relief as this Court deems just and proper; and

10.     That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amount found due and owing.

Dated:  September 27, 2016                      WEINBERG, ROGER & ROSENFELD
                                               A Professional Corporation


                                               /s/ Ezekiel D. Carder
                                       By:     EZEKIEL D. CARDER
                                               Attorneys for Plaintiffs

123900\883082

COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)
Case No.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001